IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COMFORT A. BOATENG, | * |
| Debtor-Appellant | * |
| v. | * Civil No. **PJM 19-1130** |
| DEUTSCHE BANK, N.A. | * |
| Appellee | * |

## MEMORANDUM OPINION

Debtor-Appellant Comfort A. Boateng has appealed an Amended Order of the Bankruptcy Court granting Appellee Deutsche Bank, N.A. *in rem* relief from the automatic stay in the underlying bankruptcy proceeding, *In re Comfort A. Boateng*, Ch. 13 Case No. TJC 17-26830 (Bankr. D. Md.). For the following reasons, the Court **AFFIRMS** the Amended Order of the Bankruptcy Court, ECF No. 1-1.

### I. Factual and Procedural Background

This is the third time that Boateng[1] has appealed an Order from the Bankruptcy Court in the underlying bankruptcy proceeding—and the second time that Boateng has appealed this particular Order. In the first instance, Boateng appealed the Bankruptcy Court's Order granting Deutsche Bank *in rem* relief from the automatic stay, and this Court remanded to the Bankruptcy Court for further fact-finding. *Boateng v. Deutsche Bank, N.A. et al*, Civil No. PJM-18-1681, ECF No. 18. In the second instance, Boateng appealed the Bankruptcy Court's Order dismissing the underlying bankruptcy proceeding for failure to file required documents and information, and this

---

[1] In this proceeding, all references to "Boateng" are to Comfort Boateng, unless the context indicates otherwise.

1

Court affirmed the Bankruptcy Court. *Boateng v. Grigsby*, Civil No. PJM-18-2948, ECF Nos. 9, 10.

The facts of Boateng's underlying bankruptcy are fully laid out in the Court's Memorandum Opinion of April 22, 2019 in *Boateng v. Grigsby*, Civil No. PJM 18-2948, ECF No. 9, so the Court does not need to recite them fully here. However, the Court will emphasize a few facts that it considers essential to resolving the present appeal, which, as with Boateng's two prior appeals, stems from the bankruptcy proceedings involving the same real property, 12600 Nichols Promise Drive, Bowie, MD 20720 (the "Property"). *See id.* at 1. After defaulting on an adjustable-rate note of $620,000 executed on the Property, Boateng, and her husband, Kofi L. Boateng, filed for bankruptcy three times—each time the day before a foreclosure sale of the Property was to take place. *See id.* at 1–2. All three bankruptcy proceedings were ultimately dismissed because the Boatengs failed to file required information and documentation. *See id.* at 2–5. In its Memorandum Opinion affirming the Bankruptcy Court's dismissal of Boateng's most recent bankruptcy proceeding, this Court noted that Boateng's "history with prior bankruptcy filings related to the Property and debt at issue . . . clearly suggests a pattern of noncompliance with Bankruptcy Court deadlines and requirements." *Id.* at 6.

The Amended Order at issue in this appeal was issued in Boateng's third bankruptcy proceeding. On May 24, 2018, the Bankruptcy Court issued an Order lifting the automatic stay in the bankruptcy proceedings and granting *in rem* relief to "Nationstar Mortgage, LLC d/b/a/ Mr. Cooper." Civil No. PJM 18-1681, ECF No. 1-1. Boateng appealed the Order, arguing that Nationstar did not have the right to enforce the Order because the party that filed the Motion for Relief, Deutsche Bank, was different from the party to whom the Bankruptcy Court granted relief, Nationstar. The District Court, after hearing argument from both Boateng and Deutsche Bank,

2

remanded to the Bankruptcy Court with instructions to determine the true relationship between Deutsche Bank and Nationstar. Civil No. PJM-18-1681, ECF No. 18.

On April 2, 2019, the Bankruptcy Court held a hearing on the issue on remand, and on April 4, 2019, the Bankruptcy Court sought leave from the District Court to amend the Lift Stay Order. Civil No. PJM-18-1681, ECF No. 21. On April 5, 2019, the District Court granted the Bankruptcy Court's request. Civil No. PJM-18-1681, ECF No. 22. Consequently, on April 10, 2019, the Bankruptcy Court issued a Memorandum Opinion that (1) amended the Lift Stay Order to grant relief on behalf of Deutsche Bank and its successors, assigns, and agents, (2) found that Deutsche Bank held the note on the Property and had properly assigned the note to Nationstar, which acted as the servicer of the loan, and (3) held that Nationstar could properly act on behalf of Deutsche Bank. Civil No. PJM-18-1681, ECF No. 23-1. That same day, the Bankruptcy Court issued the Amended Order granting *in rem* relief from the automatic stay to Deutsche Bank. Civil No. PJM-18-1681, ECF No. 23-2.

On April 16, 2019, Boateng filed a timely appeal, but did not seek to designate the record on appeal until May 20, 2019. *See* Civil No. PJM-19-1130, ECF No. 3. On June 10, 2019, the Court issued a Memorandum Order directing Deutsche Bank to respond in writing as to whether the Court should accept Boateng's untimely designation of the record. *See id.* On June 17, 2019, in response to the Memorandum Order, Deutsche Bank filed a Motion to Dismiss Boateng's appeal for (1) untimeliness in designating the record and in filing an appellant brief, and (2) continued bad faith in the various bankruptcy filings. Civil No. PJM-19-1130, ECF No. 4. Boateng has yet to file a response to Deutsche Bank's Motion.

## II. Analysis

Pursuant to the Federal Rules of Bankruptcy Procedure, an appellant has fourteen days to designate the record after filing a notice of appeal. Fed. R. Bankr. P. 8009(a)(1)(B). The Rules also mandate that an appellant serve and file a brief within thirty days after "the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1).

The Federal Rules of Bankruptcy Procedure state that if an appellant fails "to take any step other than the timely filing of a notice of appeal," a district court hearing the appeal has the authority to "act as it considers appropriate," such as, by "dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). Additionally, the Local Rules of the District of Maryland permit the Court to, upon its own initiative or upon the motion of the appellee, dismiss the appeal if the appellant has failed to comply with Bankruptcy Rules 8009 or 8018. Local Rules 404.2, 404.3.

Before dismissing an appeal under Rule 8003(a)(2), the court must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992).

The Court finds that Boateng has demonstrated an extensive history of bad faith, or, at best, negligence, in the bankruptcy proceedings and appeals regarding the real property at 12600 Nichols Promise Drive. As noted earlier and detailed extensively in the Court's Memorandum Opinion in *Boateng v. Grigsby*, Civil No. PJM-18-2948, ECF No. 9, for more than a decade, Boateng used the bankruptcy and appeal process as a dilatory tactic to stave off the foreclosure and sale of the Property, never filing the required information and documentation to support her bankruptcy claims. Boateng continues her pattern of noncompliance with the Rules in the present

4

appeal, providing no reason for her delay in attempting to designate the record, and neither seeking leave from the Court for an extension of time, nor contacting the Court by any method to explain her untimeliness. Given her lengthy record of untimely, deficient filings in this and other related bankruptcy proceedings, Boateng's attempt to designate the record on appeal nearly three weeks after the deadline to do so had passed is too little, too late to overcome the inference of the Court that she never intended to pursue this appeal legitimately.

### III. Conclusion

For the foregoing reasons, the Bankruptcy Court's Amended Lift Stay Order, ECF No. 1-1, is **AFFIRMED**.

Deutsche Bank's Motion to Dismiss Appeal, ECF No. 4, is **GRANTED**.

The Clerk is directed to **CLOSE** this case.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 17, 2019**